UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-61274-CV-SINGHAL
MAGISTRATE JUDGE REID

MARK MARAGH,

    Plaintiff,

v.

BROWARD SHERIFF'S OFFICE,

    Defendant.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.  Introduction

Before the Court is a *pro se* Amended Complaint brought pursuant to 42 U.S.C. § 1983 and filed by a pre-trial detainee confined in Joseph V. Conte Facility. [ECF No. 10]. Liberally construed, Plaintiff claims he had a slip and fall accident in the jail causing pain and permanent hand injuries. [*Id.*].

This matter has been referred to the Undersigned pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. As set forth below, Plaintiff's Amended Complaint should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. Standard of Review

According to 28 U.S.C. § 1915 of the Prison Litigation Reform Act, which permits *in forma pauperis* (IFP) proceedings, it reads in pertinent part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -

> \* \* \*
>
> (B) the action or appeal -
>
> \* \* \*
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Plaintiff is proceeding IFP. [ECF No. 12]. Thus, the Amended Complaint is subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Floyd v. City of Miami Beach*, 730 F. App'x 838, 841 (11th Cir. 2018).

When determining whether a complaint states a claim upon which relief can be granted, factual allegations must be accepted as true, but legal conclusions are not entitled to that assumption. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106-07 (11th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, while *pro se* filings are held to less stringent standards than pleadings drafted by attorneys, *see Haines*, 404 U.S. at 520-21, they still must suggest the existence of "some factual support for a claim." *Jones*, 787 F.3d at 1107.

The assumed-as-true factual allegations must cross "the line between possibility and plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Whether a claim is plausible is a context-specific inquiry, which is met if courts can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79.

### III. Allegations

Plaintiff alleges that, while confined at his jail facility, he slipped on a puddle of water causing him to fall "into [a] dining table." [ECF No. 10 at 5-6]. As injuries, he has a "swollen

pinky finger" that is now "crooked" due to bone fractures, which appear to have been treated. [*Id.* at 6]. Plaintiff seeks $1 million in damages for the pain and suffering endured and for the permanent disfigurement of his finger. [*Id.*]. Plaintiff identified the "Broward Sheriff Office" as the sole defendant. [*Id.* at 2].

## IV. Discussion

Put broadly, "[t]o obtain relief under § 1983, [the plaintiff] must show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Here, Plaintiff has not provided allegations capable of establishing either showing.

A. <u>Broward County Sheriff's Office is not a "State Actor"</u>

In *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), the Eleventh Circuit Court of Appeals explained that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." (internal citations omitted). "Under Florida law, sheriff's offices lack the legal capacity to be sued." *Wilk v. St. Lucie Cnty. Fla. Sheriff Office*, 740 F. App'x 658, 662 (11th Cir. 2018) (citing *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995)).

Notwithstanding, "the Sheriff's Office can…be held liable for injuries inflicted by individual officers under § 1983 if the officers acted pursuant to a departmental policy or custom." *Kelly v. Broward Sheriff's Office Dep't of Det.*, 560 F. App'x 818, 821 (11th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Wilk*, 740 F. App'x at 662

(explaining a suit against a Broward County in its official capacity is the same as a suit against the entity of which officers are agents).

Here, Plaintiff's Amended Complaint contains no allegations against any individual officers nor allegations that a departmental policy or custom existed. Therefore, without allegations establishing the Broward County Sheriff's Office's liability, Plaintiff has failed to state a claim upon which relief can be granted. *See Kelly*, 560 F. App'x at 821.

B. State Law Negligence is not a Constitutional Claim

In the Order to Amend, Plaintiff was alerted that his state law negligence claim did not implicate the Constitution. [ECF No. 6 at 5-6].[1] The Amended Complaint fairs no better. [ECF No. 10]. Without a federal right implicated by Plaintiff's allegations, Plaintiff failed to state a claim upon which relief can be granted to support this § 1983 action. *See Patrick*, 201 F.3d at 1315.

### V. Conclusion

Based on the foregoing, the Amended Complaint [ECF No. 10] should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that the dismissal be without prejudice to raising any constitutional claim that might exist in a future case, except as to the application of any procedural bars or time limitations that might apply. Accordingly, this case should be **CLOSED**.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from

---

[1] Plaintiff was also warned that his initial complaint failed to show how his state law negligence claim would have diversity jurisdiction. [ECF No. 6 at 5-6]. The Amended Complaint contains no allegations that might suggest diversity jurisdiction would be applicable and the Court should decline to exercise supplemental jurisdiction over such claims absent a federal claim.

attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 14th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  **Mark Maragh**
501902732
Joseph V. Conte Facility
Inmate Mail/Parcels
P.O. Box 407016
Fort Lauderdale, FL 33340
*PRO SE*