UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-61274-SINGHAL/Reid

MARK MARAGH,

    Plaintiff,

v.

BROWARD SHERIFF'S OFFICE,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on United States Magistrate Judge Lisette Reid's Report and Recommendation ("R&R") (DE [13]), issued on October 14, 2020. Therein, Magistrate Judge Reid considered Plaintiff's Amended Complaint (DE [10]), filed on the same date as Plaintiff's Motion for Leave to Proceed *in forma pauperis* (DE [11]), and in accordance with 28 U.S.C. § 1915 of the Prison Litigation Reform Act recommends this case be **DISMISSED**.

Parties have fourteen days to file any objections to a magistrate judge's factual findings. Fed. R. Civ. P. 72(b)(2); S.D. Fla. Mag. R. 4(b). Here, neither side filed any such objections. With no objections filed, the Court's review of the R&R (DE [13]) is properly limited to a *de novo* review of only its legal conclusions. *See Certain Underwriters at Lloyd's of London v. PharmaTech, LLC*, 2019 WL 4673739, at *1 (M.D. Fla. Aug. 19, 2019) ("Legal conclusions are reviewed *de novo*, even in the absence of an objection.").

The Court has reviewed the R&R (DE [13]), the entire file, and the record. The Court would note that (DE [10]) is Plaintiff's *Amended* Complaint. Magistrate Judge Reid, in (DE [6]) not only ordered Plaintiff to amend his original complaint, but also gave as much guidance as possible to alert Plaintiff to the deficiencies of his pleading. There, the Magistrate Judge stated:

> The complaint appears to raise a claim of "negligence" under state law [ECF No. 1 at 5-7], but it does not identify defendants to support a finding for diversity jurisdiction under 28 U.S.C. § 1332. To the extent Plaintiff means to raise a federal claim that arises under 28 U.S.C. § 1331 and, therefore, the Constitution, there are no allegations supporting one. *See, e.g., Chandler v. Crosby*, 379 F.3d 1278, 1289–90 (11th Cir. 2004) (explaining negligence will not support a conditions of confinement claim).
>
> This is not an exhaustive list of the deficiencies observed in the complaint. Because this Court is not unsympathetic, Plaintiff may have *one opportunity* to rectify his complaint. Plaintiff is instructed to follow the directives and applicable rules articulated in this order if [he] still wishes to pursue this action.

(Order to Am. (DE [6]), at 5–6).

Unfortunately, as Magistrate Judge Reid then found in her R&R (DE [13]), "[t]he Amended Complaint fairs no better. [ECF No. 10]. Without a federal right implicated by Plaintiff's allegations, Plaintiff failed to state a claim upon which relief can be granted to support this § 1983 action." (R&R (DE [13]), at 4) (citations omitted). While Plaintiff may raise a constitutional claim in a future case, he must be acutely aware of any procedural bars or time limitations that might apply. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the United States Magistrate Judge Reid's Report and Recommendation (DE [13]) is **AFFIRMED** and **ADOPTED**. The Amended

Complaint (DE [10]) is **DISMISSED**.  The Clerk of Court is directed to **CLOSE** this case and **DENY** all pending motions as moot.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of October 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF